

IN THE
TENTH COURT OF APPEALS

No. 10-21-00086-CR

VIRGINIA ADAMS,

Appellant

v.

THE STATE OF TEXAS,

Appellee

From the 361st District Court
Brazos County, Texas
Trial Court No. 18-04769-CRF-361

MEMORANDUM OPINION

Appellant Virginia Adams pleaded guilty to the offense of injury to a child by omission. A jury assessed Adams' punishment at seventy-five years in the Texas Department of Criminal Justice-Institutional Division, and the trial court imposed that sentence. Adams filed a notice of appeal. We will affirm.

Adams' appointed counsel filed a motion to withdraw and an *Anders* brief in support of the motion asserting that she has diligently reviewed the appellate record and that, in her opinion, the appeal is frivolous. *See Anders v. California*, 386 U.S. 738

(1967). Adams has filed an opposition in response to the *Anders* brief.[1] In addressing an *Anders* brief and a *pro se* response, a court of appeals may only determine (1) that the appeal is wholly frivolous and issue an opinion explaining that it has reviewed the record and finds no reversible error or (2) that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief the issues. *In re Schulman*, 252 S.W.3d 403, 409 (Tex. Crim. App. 2008); *Bledsoe v. State*, 178 S.W.3d 824, 826-28 (Tex. Crim. App. 2005).

Although notified of its right to do so, the State has not filed a brief in response to Adams' *pro se* opposition to the *Anders* brief.

Counsel's brief evidences a professional evaluation of the record for error and compliance with the other duties of appointed counsel. We conclude that counsel has performed the duties required of appointed counsel. *See Anders*, 386 U.S. at 744; *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978); *see also Kelly v. State*, 436 S.W.3d 313, 319-20 (Tex. Crim. App. 2014); *Schulman*, 252 S.W.3d at 407.

In reviewing an *Anders* appeal, we must, "after a full examination of all the proceedings, . . . decide whether the case is wholly frivolous." *Anders*, 386 U.S. at 744; *see Penson v. Ohio*, 488 U.S. 75, 80 (1988); *accord Stafford v. State*, 813 S.W.2d 503, 509-11 (Tex. Crim. App. 1991). An appeal is "wholly frivolous" or "without merit" when it "lacks any basis in law or fact." *McCoy v. Court of Appeals*, 486 U.S. 429, 439 n.10 (1988).

---

[1] In one of her responses, Adams expressed dissatisfaction with appellate counsel and requested appointment of new counsel. Although Adams did not present anything that would disqualify counsel, out of an abundance of caution, we abated this appeal to the trial court to conduct a hearing on Adams' complaints. After a hearing, the trial court determined that Adams was not entitled to new counsel.

After a review of the entire record in this appeal, we have determined the appeal to be wholly frivolous.  *See Bledsoe*, 178 S.W.3d at 826-27.[2]

Accordingly, we affirm the judgment of the trial court.

Counsel's motion to withdraw is granted.

MATT JOHNSON
Justice

Before Chief Justice Gray,
     Justice Johnson, and
     Justice Wright[3]
Affirmed
Motion granted
Opinion delivered and filed July 13, 2022
Do not publish
[CRPM]



---

[2] At our request, the clerk of the trial court supplemented the clerk's record with a copy of the bill of cost. We identify no unpreserved, nonreversible errors not raised by appointed counsel.  *See Cummins v. State*, ---- S.W.3d ---, No. 10-21-00303-CR, 2022 WL 1489511, at * 9 (Tex. App.—Waco May 11, 2022, no pet. h.).

[3] The Honorable Jim R. Wright, Senior Chief Justice (Retired) of the Eleventh Court of Appeals, sitting by assignment of the Chief Justice of the Texas Supreme Court.  *See* TEX. GOV'T CODE ANN. §§ 74.003, 75.002, 75.003.